# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-14-019-RAW ) |
| ROY LYNN WESBERRY, | ) ) |
| Defendant. | ) |

## ORDER

Before the court is the motion of the defendant for judgment of acquittal. Defendant was convicted by a jury of one count of conspiracy and four counts of bank fraud. The jury also found in the government's favor on a forfeiture count. The court must view the evidence, both direct and circumstantial, in the light most favorable to the government, and without weighing conflicting evidence or considering the credibility of witnesses, determine whether that evidence, if believed, would establish each element of the crime. *United States v. Fuller,* 751 F.3d 1150, 1153 (10th Cir.2014). This court may enter a judgment of acquittal only if the evidence that defendant committed the crime is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt. *Id.*

Count One charged conspiracy under 18 U.S.C. §1349. The elements of the offense are (1) two or more persons agreed to violate the law, (2) the defendant knew the essential objectives of the conspiracy, (3) the defendant knowingly and voluntarily participated in the conspiracy and (4) the alleged coconspirators were interdependent. *United States v. Fishman,* 645 F.3d 1175, 1186 (10th Cir.2011). Without objection, the court additionally

instructed the jury that the government must prove an overt act in furtherance of the conspiracy's objective.

Counts Two through Five charged bank fraud in violation of 18 U.S.C. §1344. The elements of this offense are (1) defendant knowingly executed a scheme or artifice to defraud a financial institution, (2) the financial institution was insured by the FDIC, (3) the defendant acted with intent to defraud, (4) the false or fraudulent representations were material and (5) the defendant placed the financial institution at risk of civil liability or financial loss. *See Tenth Cir. Pattern Crim. Jury Instr.* 2.58 (2011).

Defendant argues that the government's case fails as a matter of law. In *United States v. Waldroop,* 431 F.3d 736, 741 (10th Cir.2005), the court said "[n]ominee loans are not inherently illegal, but are illegal if they are used to deceive a financial institution about the true identity of a borrower." Defendant contends that here there was no concealment of the loans to the bank examiners or the bank's board of directors and thus the convictions cannot stand. Of course (although defendant does not explicitly make this argument) the fact that a bank officer (Moore) was involved in the scheme does not absolve the defendant from bank fraud. It is the bank as an institution which is the victim, and the bank as an institution must know or approve of the conduct for such knowledge or approval to constitute a defense. *See United States v. Gallant,* 537 F.3d 1202, 1224-25 (10th Cir.2008). Ultimately, the court agrees with the government's statement that "[t]he fact that the scheme was discovered,

2

easily or not, does not change the fact that it was illegal." (#77 at 4). The court concludes that the evidence presented at trial was sufficient under the governing standard.

It is the order of the court that the motion of the defendant for judgment of acquittal (#76) is hereby DENIED.

**ORDERED THIS 20th DAY OF NOVEMBER, 2014.**

**Dated this 20th day of November, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma