# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-14-019-RAW ) |
| ROY LYNN WESBERRY, | ) ) |
| Defendant. | ) |

## ORDER

Before the court is the motion of the defendant for new trial. Defendant was convicted by a jury of one count of conspiracy and four counts of bank fraud. The jury also found in the government's favor on a forfeiture count. "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Rule 33(a) F.R.Cr.P. "A motion for a new trial is not regarded with favor and is only [granted] with great caution." *United States v. Herrera,* 481 F.3d 1266, 1269-70 (10th Cir.2007).

First, defendant argues that witness W.A. "Dub" Moore delivered an "evidentiary harpoon"[1] when he testified that defendant, defendant's wife and defendant's son had committed bank fraud. At the time, defense counsel objected and moved for a mistrial. The court denied the motion, but gave the jury a curative instruction. A cautionary instruction is ordinarily sufficient to cure any alleged prejudice to the defendant and declaring a mistrial

---

[1] This is "a metaphorical term used to describe an attempt by a government witness to deliberately offer inadmissible testimony for the purpose of prejudicing the defendant." *United States v. Cavely,* 318 F.3d 987, 996 n.2 (10th Cir.2003).

is only appropriate where a cautionary instruction is unlikely to cure the prejudicial effect of an error. *United States v. Morgan,* 748 F.3d 1024, 1041 (10th Cir.2014). The court is persuaded the action taken was adequate in this case and the motion for mistrial properly denied.

Next, defendant objects to the court's denial of his request for an "advice of counsel" instruction. A defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor. *United States v. Rampton,* 762 F.3d 1152, 1156 (10th Cir.2014). The elements are (1) a request for advice of counsel on the legality of the proposed action, (2) full disclosure of the relevant facts to counsel, (3) receipt of advice from counsel that the action to be taken will be legal, and (4) reliance in good faith on counsel's advice. *United States v. Wenger,* 427 F.3d 840, 853 (10th Cir.2005). The court concluded that the evidence was insufficient as to the third element, and remains persuaded this was the correct ruling.

Third, defendant argues that the court should have admitted evidence of his civil settlement with the FDIC. The court excluded the documents themselves, but allowed defense counsel to discuss the contents of the documents with witnesses. The court does not believe a new trial is warranted on that ground either.

As a fourth ground, defendant contends there was insufficient evidence to support a conviction. The district court should grant a motion for new trial based on insufficiency of evidence "only in exceptional cases in which the evidence preponderates heavily against the
2

verdict." *United States v. Cesareo-Ayala,* 576 F.3d 1120, 1126 (10th Cir.2009). In the court's view, this is not such an exceptional case.[2]

Finally, defendant asserts that there was insufficient evidence to support a forfeiture in this case.[3] Again, the court disagrees. In assessing such a challenge, the court views the evidence in the light most favorable to the prosecution and determines whether "substantial evidence" supports the verdict. *See United States v. $79,650.00*, 650 F.3d 381, 387 (4th Cir.2011). Substantial evidence means evidence that a reasonable finder of fact could accept as adequate and sufficient. *Id.* The forfeiture verdict will be upheld.

It is the order of the court that the motion of the defendant for new trial (#75) is hereby DENIED.

**ORDERED THIS 20th DAY OF NOVEMBER, 2014.**

**Dated this 20th day of November, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2] The court incorporates by reference the discussion of the appropriate legal standards regarding nominee loans and bank fraud contained in the companion order denying defendant's motion for judgment of acquittal.

[3] The civil forfeiture statute, 18 U.S.C. §981(a)(1)(C), subjects to forfeiture any property "which constitutes or is derived from proceeds traceable to" a violation of 18 U.S.C. §1344.